FILED

2017 FEB 23 PM 12:26

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIA CARDENAS,

    Plaintiff,

v.    CASE NO.: 6:17-cv-318-ORL-40TBS

COMFORTABLE CARE DENTAL HEALTH PROFESSIONALS, P.A.,
a Florida Profit Corporation, and HEARTLAND DENTAL, LLC, a Foreign Limited
Liability Company,

    Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, JULIA CARDENAS ("Plaintiff" or "Ms. Cardenas"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA") to recover from the above named Defendants, back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendants, COMFORTABLE CARE DENTAL HEALTH PROFESSIONALS, P.A., and

HEARTLAND DENTAL, LLC, (Collectively the "Defendants" or "CC"), and resided in Orange County, Florida.

4. Defendants operate numerous dental practices in, among other places, Orange County, Florida.

5. Plaintiff worked for Defendants at their facility located at 10169 West Colonial Drive, Ocoee, Florida 34761.

6. Defendants refer to this facility as "Colonial Drive Family Dentistry."

7. Each of Defendants' entities are considered Plaintiff's "integrated employer" under the FMLA, because they had: (i) common management; (ii) their operations were interrelated; (iii) centralized control of labor relations; and (iv) common ownership/financial control.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact she was employed by the Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. At all times relevant hereto, Defendants are considered a covered "employer" by the FMLA, because Defendants were engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of the 20 or more calendar workweeks during the relevant periods of time, or as an integrated employer under the FMLA.

## FACTUAL ALLEGATIONS

10. Ms. Cardenas worked for Defendants as an Office Manager from May 26, 2011, until her unlawful termination on February 24, 2015.

2

11. In late 2014, Ms. Cardenas informed CC's Doctor and Practice Administrator of her impending need to apply for unpaid leave pursuant to the FMLA due to a serious chronic health condition. Specifically, Ms. Cardenas had an abdominal aortic aneurysm, which required surgery.

12. Ever the conscientious Office Manager, Ms. Cardenas put her needful surgery on hold while another employee was out on FMLA leave due to a pregnancy.

13. Ms. Cardenas visited her surgeon, who strongly advised for her to perform the surgery as soon as possible to avoid any health risks as a result of delay.

14. Ms. Cardenas shared this update with CC's Practice Administrator, who asked Ms. Cardenas to schedule another appointment with her surgeon to confirm her surgery date.

15. Ms. Cardenas scheduled the appointment for February 24, 2015.

16. On that date, Ms. Cardenas returned from the appointment to Defendants' facility.

17. CC's Doctor called Ms. Cardenas into the office and terminated her employment in retaliation for Ms. Cardenas applying for FMLA leave to address her serious chronic health condition.

18. According to CC's Doctor, Ms. Cardenas needed to "stay calm at all times," and "due to the aneurysm being so big already, it could burst at any time."

19. CC immediately canceled Ms. Cardenas' health insurance on February 24, 2015.

20. Defendants failed to provide any other valid reason, cause, or explanation in support of Ms. Cardenas' termination. Indeed, Ms. Cardenas had no record of attendance, performance, or disciplinary violations that would substantiate her sudden dismissal.

21. Based on the foregoing, Defendants terminated Ms. Cardenas' employment in retaliation for her availing herself to the protective provisions of the FMLA by applying for unpaid leave to address her serious health condition.

## COUNT I: FMLA INTERFERENCE/ RETALIATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. At all times relevant hereto, Plaintiff was protected by the FMLA as she suffered from a serious health condition and/or chronic serious health condition as defined by the FMLA.

24. At all times relevant hereto, Defendants interfered with and retaliated against Plaintiff, because Plaintiff attempted to exercise her right to take leave from work under the FMLA.

25. At all times relevant hereto, Defendants interfered with and retaliated against Plaintiff in violation of the FMLA, as it terminated her for necessitating protected leave in violation of the FMLA.

26. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

27. Defendants interfered with and retaliated against Plaintiff for exercising her right under the FMLA, because Defendants terminated Plaintiff for necessitating such FMLA leave.

28. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendants acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

29. As a result of Defendants' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

DATED this 21st day of February, 2017.

By: _____
Richard Celler, Esquire
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771